United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE BOHANNAN, a/k/a MICHAEL BOHANNAN, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-21-0078 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is petitioner's *pro se* motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). (Docket Entry No. 43.) The Court **DENIES** the motion for the reasons explained below.

### I. BACKGROUND AND CLAIMS

A jury found petitioner guilty of violating the terms of his civil commitment as a sexually violent predator, as enhanced by three prior felony convictions, and assessed a sentence of life imprisonment. The conviction was affirmed on appeal, and petitioner's two applications for state habeas relief were jointly denied except as to an unrelated issue regarding attorney's fees. Petitioner's third application for state habeas relief was dismissed as an abuse of the writ. The Court dismissed petitioner's federal habeas claims with prejudice for failure to raise a cognizable claim, as procedurally barred, and for lack of merit.

In the pending Rule 59(e) motion, petitioner argues that the Court failed to address two sub-parts of his eighth claim; erred in holding his fourteenth and fifteenth claims as procedurally barred; erred in denying his first through seventh claims, ninth through eleventh claims, and thirteenth claim; and erred in denying a certificate of appealability.

## II. FRCP 59(e)

Petitioner states that his motion is filed pursuant to "FRCP 59 (b)(e)." (Docket Entry No. 43, p. 1.) Because there is no such rule, the Court liberally construes the motion as seeking relief under FRCP 59(b) and (e).

Rule 59(b) provides that a motion for new trial under Rule 59(a)(1) must be filed within twenty-eight days after entry of judgment. Under Rule 59(a)(1), a new trial may be granted after a jury trial or a nonjury trial. A new trial may be granted following a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). Although petitioner's motion was filed on the twenty-eighth day following entry of judgment, it proffers no basis for relief under Rule 59(a)(1)(B). Consequently, the pending motion will be reviewed as seeking to alter or amend the judgment under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). It is well established in this circuit that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citation omitted); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Thus, Rule 59(e) may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Rather, it serves to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller*, 342 F.3d at 567. It "is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

### III. ANALYSIS

#### A. <u>Eighth Claim for Relief</u>

Petitioner contends that the Court did not specifically address two purported sub-parts of his eighth claim for denial of due process by the prosecution. Petitioner argues that the Court neglected to resolve whether counsel was ineffective in failing "to request any sort of adverse-inference instruction [regarding his monitoring equipment] and refusal [*sic*] bring the state agent's destruction of the monitoring equipment to the attention of the jury."

The Court notes that petitioner mentioned these two ineffective assistance arguments in the factual narrative under his eighth claim both in state court and in this federal proceeding. The state trial court expressly found that petitioner failed to establish that counsel's performance fell below an objective standard of reasonableness or that he was

3

prejudiced by any act or omission of his attorney to the extent that it affected the outcome of his trial. (Docket Entry No. 30-55, p. 115, Findings of Fact No. 29, No. 30.)

Petitioner does not identify any applicable "adverse-inference instruction" that counsel should have raised, nor does he establish a reasonable probability that, but for counsel's failure to request such an instruction, the result of his trial would have been different. Petitioner further fails to establish a reasonable probability that, but for counsel's refusal to bring the state agent's "destruction"[1] of the monitoring equipment to the attention of the jury, the result of his trial would have been different. Petitioner's conclusory assertions of ineffective assistance do not meet his burden of proof under the exacting standards for AEDPA review.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No grounds for relief under Rule 59(e) are shown.

B. <u>Fourteenth Claim for Relief</u>

In his fourteenth claim, petitioner complained that trial and appellate counsel were ineffective in failing to challenge the underlying civil commitment requirements as unconstitutionally vague. Petitioner raised this claim only in his third application for state

---

[1] Petitioner presents no support for his bald assertion that the monitoring equipment (his GPS tracking device) was destroyed by the State. To the contrary, he states in his narrative under his eighth claim that the device manufacturer "sent [it] back out into the field" as refurbished equipment. (Docket Entry No. 1, p. 11.)

habeas relief, which was dismissed by the Texas Court of Appeals as an abuse of the writ. This Court, in turn, dismissed the claim as procedurally defaulted and barred from consideration on federal habeas review.

Petitioner contends that the Court erred in dismissing the claim as procedurally defaulted because he proceeded *pro se* in his initial state habeas proceeding. He argues that, because he was without counsel, the Supreme Court of the United States recognizes an exception for his procedural default. He provides no citation to the alleged case, and the Court finds no applicable authority supporting petitioner's argument.

To the contrary, in *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), the Supreme Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the State's initial-review collateral proceeding, there was no counsel or counsel in that proceedings was ineffective. Petitioner here proceeded *pro se* in his state habeas proceedings, and Texas jurisprudence generally requires ineffective assistance of counsel claims to be raised on collateral review.

However, *Martinez* affords petitioner no relief, as he fails to proffer a substantial claim of ineffective assistance of trial counsel. The state habeas court found that

> The validity of the applicant's civil commitment order is not relevant to the validity of the applicant's criminal conviction for violating the requirements of the commitment order during the pendency of his appeal from the commitment judgment, *see Bohannan v. State*, 546 S.W.3d 166, 177 (Tex. Crim. App. 2017)[.]

(Docket Entry No. 30-55, p. 116.) In affirming petitioner's conviction, the Texas Court of Criminal Appeals held that, "At the time he violated the terms of the civil commitment order, he had the status of a person subject to a civil commitment order, which was immediately effective and enforceable by prosecution for non-compliance even while an appeal of the order itself is pending." *Bohannan v. State*, 546 S.W.3d 166, 177 (Tex. Crim. App. 2017). Thus, petitioner does not show that trial counsel was ineffective in failing to challenge the underlying civil commitment requirements as unconstitutionally vague, nor does he establish that, but for counsel's failure to raise such challenge, there is a reasonable probability that the result of his trial would have been different.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No grounds for relief under Rule 59(e) are shown.

C. <u>Seventh Claim for Relief</u>

Petitioner contends that the Court erred in denying that portion of his seventh claim raising violations of his confrontation rights. He complains that he referred the Court to several pages of relevant testimony in the record – III RR 81–85, 94–95, and IV RR 46 – but that the Court found he had not identified any specific portion of the testimony as violating his confrontation rights.

6

Petitioner argues in the instant motion that *all* of the testimony he cited violated his confrontation rights. The Court has again carefully reviewed the testimony referenced by petitioner and finds that he does not demonstrate that counsel was deficient in not objecting on confrontation grounds. Petitioner further fails to establish a reasonable probability that, but for counsel's failure to object to the testimony on confrontation grounds, the result of his trial would have been different.

The Court reiterates that petitioner failed to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No grounds for relief under Rule 59(e) are shown.

> D. <u>First, Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Thirteenth, and Fifteenth Claims for Relief</u>

Petitioner generally contends that the Court erred in denying these federal habeas claims because they were supported in the record and warranted relief in his favor. The Court has reviewed the arguments raised by petitioner in his Rule 59(e) motion as to these claims and finds that his arguments seek to relitigate, and are rehashes of, arguments raised in his response to the motion for summary judgment. Petitioner's arguments were addressed at length in the Court's Memorandum Opinion and Order signed February 13, 2023, and no additional analysis is necessary. Petitioner's disagreement with the Court's resolution of his habeas claims does not warrant relief under Rule 59(e). *See Forsythe*, 885 F.2d at 289.

Even so, the Court has reviewed the substance of petitioner's Rule 59(e) arguments as to these claims and finds that no grounds for relief under Rule 59(e) are shown.

E. Denial of a Certificate of Appealability

Petitioner claims that the Court should have granted him a certificate of appealability. The Court has reviewed the original Memorandum Opinion and Order and has denied petitioner's instant Rule 59 motion. The Court finds no basis for granting a certificate of appealability.

IV. CONCLUSION

Petitioner's motion for relief under FRCP 59(e) (Docket Entry No. 43) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 23rd day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE